**Karen MARKARIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70076.

Agency No. A75–492–336.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paula N. Harris, Esq., Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew M. Eschen, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Karen Markarian, a native and citizen of Armenia, petitions for review of a Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001), and deny the petition for review.

█ Markarian administratively exhausted his procedural due process claims by raising them in his brief to the BIA. *See Ladha v. INS,* 215 F.3d 889, 903 (9th Cir.2000). To the extent the IJ questioned Markarian aggressively or harshly, the IJ's behavior did not rise to the level of a due process violation on the facts of this case. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir.2003). Futher, Markarian was not prejudiced by the IJ's pretermission of his father's testimony because the record indicates that Markarian's attorney did not plan to have petitioner's father testify. *See id.*

** This disposition is not appropriate for publication and may not be cited to or by the

█ Substantial evidence supports the IJ's adverse credibility finding because Markarian testified inconsistently about where he was persecuted by Armenian police. *See Chebchoub,* 257 F.3d at 1043 (indicating that an inconsistency can support an adverse credibility finding if it goes to the heart of the claim). Accordingly, the IJ properly denied Markarian's claim for asylum and withholding of removal. *See Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.